UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X
                                   :

UNITED STATES OF AMERICA,              :
                                   :

          -v-                      :            21 Cr. 565 (JPC)
                                   :

JOSE CABRERA,                     :          MEMORANDUM OPINION
                                   :             AND ORDER
                   Defendant.    :
                                   :
---------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

        On August 2, 2022, this Court sentenced Defendant Jose Cabrera principally to a combined term of imprisonment of 120 months, reflecting a term of sixty months on Count Two and a consecutive term of sixty months on Count Three, to be followed by three years of supervised release. Dkt. 45 (judgment) at 2-3; Dkt. 48 ("Sentencing Tr.") at 29:5-11. At sentencing, the Court determined that Defendant's offense level was 19 for Count Two, the Guidelines provided for a sixty-month mandatory minimum consecutive term for Count Three, and Defendant's Criminal History Category was V, which yielded a Guidelines range of 57 to 71 months' imprisonment for Count Two and a combined range of 117 to 131 months' imprisonment. Sentencing Tr. at 7:18-9:16; *accord* Dkt. 38 ("PSR") ¶¶ 30-41 (offense level), 43-54 (criminal history), 111 (Guidelines range). This Criminal History Category of V reflected twelve criminal history points. Sentencing Tr. at 8:13-9:10; *accord* PSR ¶¶ 43-54. Defendant is currently incarcerated at USP McCreary, with a projected release date of December 30, 2029. *See* Federal Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (last visited June 2, 2024).

        On May 22, 2024, Defendant filed a motion requesting the appointment of counsel for the purpose of applying for a reduction of his sentence in light of Amendment 821 to the United States Sentencing Guidelines, which went into effect on November 1, 2023, and applies retroactively.

Dkt. 63 ("Motion"). Title 18, United States Code, Section 3582(c)(2) provides that

> in the case of a defendant who has been sentenced to a term of imprisonment based
> on a sentencing range that has subsequently been lowered by the Sentencing
> Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the
> Director of the Bureau of Prisons, or on its own motion, the court may reduce the
> term of imprisonment, after considering the factors set forth in section 3553(a) to
> the extent that they are applicable, if such a reduction is consistent with applicable
> policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Pursuant to Section 1B1.10(b)(1) of the Guidelines, "[i]n determining whether, and to what extent, a reduction in the defendant's term of imprisonment . . . is warranted" pursuant to Amendment 821, the Court first "shall determine the amended guideline range that would have been applicable to the defendant if" Amendment 821 "had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1). Section 1B1.10(b)(2)(A) then provides that, with an exception not relevant here, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection." *Id.* § 1B1.10(b)(2)(A).

Defendant's application does not clearly indicate why he believes he is eligible for a sentence reduction pursuant to Amendment 821. He writes that he "is eligible for reduction and appointment of counsel pursuant to Amendment 821 Criminal History Reduction," and proceeds to set forth his criminal history calculation under the Guidelines and certain language, as amended, of U.S.S.G. §§ 4A1.1 and 4A1.2. Motion at 1. Amendment 821 modified the calculation of "status points" under U.S.S.G. § 4A1.1. Specifically, it struck the former "status points" provision, which had been at Section 4A1.1(d), and replaced it with language, now at Section 4A1.1(e), which instructs that, in calculating a defendant's criminal history, a court must:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a)
> through (d), and (2) committed the instant offense while under any criminal justice
> sentence, including probation, parole, supervised release, imprisonment, work
> release, or escape status.

U.S. Sent'g Comm'n, Amendments to the Sentencing Guidelines, 88 Fed. Reg. 28,254, 28,270 (effective Nov. 1, 2023); *accord* U.S.S.G. § 4A1.1(e); *see* Motion at 1 (quoting the amended language of U.S.S.G. § 4A1.1(e)).  Defendant's Criminal History Category of V reflected twelve criminal history points, but none of those points were on account of "status points" under the version of Section 4A1.1(d) in effect at the time of his sentencing.  Sentencing Tr. at 8:13-9:6; PSR ¶¶ 43-54.  In addition, Amendment 821 added U.S.S.G. § 4C1.1, which grants a two-point offense level reduction to certain so-called "zero-point offenders," *i.e.*, defendants who have no criminal history points under Chapter Four, Part A, of the Guidelines, provided they satisfy various other criteria.  U.S. Sent'g Comm'n, Amendments to the Sentencing Guidelines, 88 Fed. Reg. 28,254, 28,271 (effective Nov. 1, 2023); *accord* U.S.S.G. § 4C1.1.  Defendant, however, had twelve criminal history points at the time of his August 2, 2022 sentencing.  *See* Sentencing Tr. at 8:13-9:6; PSR ¶¶ 43-54.  He therefore would not have been eligible for an offense level reduction under Section 4C1.1.

 As a result, had Amendment 821 been in effect at the time of Defendant's sentencing, his offense level on Count Two would have remained 19, he still would have faced a consecutive mandatory minimum term of sixty months' imprisonment on Count Three, and his Criminal History Category would have remained V.  Thus, his Guidelines range of 57 to 71 months' imprisonment for Count Two and combined range of 117 to 131 months' imprisonment would not have changed, rendering him ineligible for a sentence reduction.[1]

---

[1] As noted, Defendant's Motion also cites two provisions of U.S.S.G. § 4A1.2, neither of which applies in his case or even was meaningfully changed by Amendment 821.  *See* Motion at 1.  First, he cites U.S.S.G. § 4A1.2(a)(2), which concerns situations where a defendant had multiple prior sentences in cases that were not separated by an intervening arrest.  Each of Defendant's four prior sentences that counted toward his criminal history score arose from separate arrests.  *See* PSR ¶¶ 49-52.  He also cites U.S.S.G. § 4A1.2(p), which concerns the definition of a "crime of violence" for purposes of Section 4A1.1(d), which formerly was at Section 4A1.1(e).  Section 4A1.1(d) imposes a one-point increase in criminal history points for any "prior sentence resulting

Because Defendant is ineligible for a sentencing reduction, there is no reason to appoint counsel. *United States v. Cirineo*, 372 F. App'x 178, 179-80 (2d Cir. 2010) (explaining that "where it [is] readily ascertainable from the record that [the defendant is] ineligible for a reduction in sentence," denial of a motion to appoint counsel to assist in filing such motion is an appropriate exercise of the district court's discretion); *accord United States v. Reddick*, 53 F.3d 462, 464-65, 465 n.2 (2d Cir. 1995). Accordingly, his motion to appoint counsel is denied.

The Clerk of Court is respectfully directed to close the motion at Docket Number 63 and to mail a copy of this Memorandum Opinion and Order to:

> Jose Cabrera
> Reg. No. 57558-509
> Unit 5A
> U.S. Penitentiary McCreary
> P.O. Box 3000
> Pine Knot, KY 42635

SO ORDERED.

Dated: June 3, 2024
New York, New York

JOHN P. CRONAN
United States District Judge

---

from a conviction of a crime of violence that did not receive any points under (a), (b), or (c) above because such sentence was treated as a single sentence, up to a total of 3 points." This provision also did not apply to Defendant's criminal history calculation. *See* Sentencing Tr. at 8:13-9:10; PSR ¶¶ 49-52.