Jose Cabrera
    Petitioner
  v.

United States of America
    Respondent

SDNY

2024 JUL 22 PM 2:02

## Motion Title 28 USC 2255 Vacate, Set Aside Sentence

Petitioner Jose Cabrera charged offenders have alterations which denied due process in all forms concealed through statutory language of each offense and its elements which had no full-disclosure provided that breached the plea agreement as to Counts (2)TWO-Title 18 USC 1951 and 18 USC 2; Knowingly did commit robbery defined in Title 18 USC 1951(b)(1), did thereby obstruct, delay, and affect commerce as defined in 18 USC 1951(b)(3), robbed at gunpoint a laundromat in the Bronx, New York, merger to Count (1)ONE- Title 18 USC 1951 and Knowingly did conspire with others, known and unknown, to commit robbery, as that term is defined in Title 18 USC 1951(b)(1) did thereby obstruct, delay, and affect commerce and the movement of commodities in commerce defined in Title 18 USC 1951(b)(3), to wit, rob a laundromat in the Bronx; but including for the courts viewing is the merger is also with the usage of the conduct of the firearm offense as to Count (3)THREE- Title 18 USC 924(c)(1)(A)(ii) and Title 18 USC 2 During and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely the Hobbs Act robbery charged in Count Two(2) of the indictment, knowingly did <u>use</u> and <u>carrying a firearm</u>, and <u>in furtherance of such crime, did possess a firearm</u>, and <u>aid</u> and <u>abet the use, carrying, and possession of a firearm, which firearm was brandished, during the robbery charged in Count Two(2) of this indictment.</u>

The enclosed evidence in the transcript on page 38 lines 1 through

25 does:

1 federal writ will have been satisfied

2    So, Ms. Mermelstein, I assume the government will
3 coordinate his return to state custody?

4    MS. MERMELSTEIN: We will, your Honor.

5    THE COURT: Are there any other legal issues? Any
6 other legal reason why the sentence should not be imposed as
7 stated?

8    MS. MERMELSTEIN: No, your Honor.

9    MR. ROSENBERG: That's fine, your Honor. Nothing
10 further then.

11    THE COURT: I order the sentence I have described to
12 be imposed as stated. I find that the sentence is sufficient
13 but not greater than necessary to satisfy the sentencing
14 purposes set forth at 18 U.S. Code Section 3553(a)(2),
15 including the need to promote respect for the law, to provide
16 just punishment for the offense, to afford adequate deterrence
17 to the defendant and to others, and to protect the public from
18 further crimes of the defendant.

19    Ms. Mermelstein, do you wish to dismiss -- I think
20 there is at least one open count.

21    Ms. Mermelstein: There is, your Honor. It's Count
22 Two, and the government moves to dismiss it.

23    THE COURT: I assume no objection.

24    MR. ROSENBERG: No, Your Honor.

25    THE COURT: I will dismiss Count ONE of the

In United States v. Edmundson, No. PWG-13-05,(2015) was charged with use of a firearm during and in relation to a crime of violence in violation of 18 USC 924(c), specifically the Count alleges that the underlying "crime of violence" for the 924(c) offense is "Hobbs Act robbery" in violation of 18 USC 1951(b), set out in Edmundson offense, but the other charge upon her fails, however, since the government cannot prove this offense because a Hobbs Act robbery categorically fails to qualify as a "crime of violence". Accordingly, Ms. Edmundson's guilty plea entered over thirty months ago, was predicated upon a misconception of the law (as it presently stands), and she only may be sentenced now in accordance with the Supreme Court's Case #8:13-cr-000 15-PWG, Document #38 Filed August 17, 2015. As explained ruled-declared interpretation Supreme Court's recent decision in Johnson renders the government's task unattainable regarding Count Two. Under the current status of the law as it now has been explicated by the Court, a Hobbs Act robbery as prescribed by Title 18 USC 1951(b) categorically fails to constitute a crime of violence under 924(c)(3)(A) Force Clause because it can be accomplished by placing one in fear of future injury to his person or property, which does not require violent physical force. Additionally, in light of Johnson, the "residual clause" within 924 (c)(3)(B) is unconstitutionally vague and cannot sustain a conviction. Therefore, Count Two(2) of the information must be dismissed, and Ms. Edmundson guilty plea must be vacated.

The Court must dismiss Count Two, Count THREE and Count ONE placed upon petitioner Jose Cabrera 924(c) offense violation because the predicate; Hobbs Act robbery offense as defined by 1951(b) does not qualify

a "crime of violence" as a matter of law but the relevant portion of 924(c)(1)(A)(ii) defining a crime of violence has two clauses of which the first clause 924(c)(3)(A) is commonly referred to as the "force" clause, and the other 924(c)(3)(B) is commonly referred to as the "residual" clause because as discussed in this lawful argument the Hobbs Act robbery under 1951 categorically fails to qualify as a "crime of violence" under 924(c)(3)(A) force clause since, pursuant to 1951, the offense can be committed by putting one in fear of future injury to his person or property and not violent physical force. Further, 924(c)(3)(B) residual clause, post-Johnson, is constitutionally incapable of supporting a conviction due to vagueness. To determine whether a predicate offense qualifies as a "crime of violence" under 924(c), courts use the categorical approach. (See): Descamps v. United States, 133 S Ct 2276, 2283 (2013); United State v. Royal, 731 F3d 333, 341-42 (4th Cir 2014); see also United States v. Serafin, 562 F3d 1105, 1107-08 (10th Cir. 2009); United States v. Acosta, 470 F3d 132, 135 (2nd Cir. 2006). This approach requires that courts "look only to the statutory definitions, i.e., the elements of a defendant's/petitioner's offenses and not to the particular facts underlying the offenses in determining whether the offense(s) qualifies as a "crime of violence". (See): Title 18 USC 924(c)(3)(A) Furthermore, under the categorical approach, prior offense can only qualify as a "crime of violence" if all of the criminal conduct covered by a statute "including the most innocent conduct" matches or is narrower than the "crime of violence" definition, United States v Torres-Miguel, 701 F3d 165, 167 (4th Cir. 2012) If the most innocent conduct penalized by a statute does not constitute a "crime of violence", then the statute

categorically fails to qualify as a "crime of violence." Expressed in Descamps, for any offense - including Hobbs Act robbery under 1951(b) to qualify as a "crime of violence" under 924(c)(3)(A) force clause, the offense under consideration must have an element of "physical force", and "physical force" means "violent force" that is "strong physical force, which is" capable of causing physical pain or injury to another person. (See): Johnson v. United States, 559 U.S. 133, 140 (2010)

Hobbs Act robbery, as defined in 1951, does not meet this requirement because because it can be accomplished by putting someone in fear of future injury to his person or property, which does not require the use, attempted use, or threatened use of "violent force."

The act of placing another in fear of physical injury constitutes, at most, a threat of physical injury of another, which plainly does not require the use or threatened use of "violent force" against another. The Fourth Circuit's decision in Torres-Miguel, 701 F.3d 165, is directly on point. Indeed in that case, the Fourth Circuit unequivocally held that the threat of any physical injury, even "serious bodily" injury or death", does not necessarily require the use of physical force let alone "violent force."

In Torres-Miguel, the underlying offense at issue(s) was the defendant /and his prior conviction for the California offense of willfully threatening to commit a crime which "will result in death or great bodily injury to another." The specific question in the case of petitioner Jose Cabrera such as many cases like his is whether the statute defining the prior offense included

an element equating to a threat of "violent force" under the force clause of United States Sentencing Guidelines, a clause of which may and many Circuit" found that the offense was missing a "violent force" element, and thus, could never qualify as a crime of violence under the force clause. Id at 168-69. The Court held that an offense that results in physical injury, but does not involve the use or threatened use of force, simply does not meet the Guidelines definition of crime of violence. The Court proclaimed in strong language that of course, a crime of violence, or a crime may result in death or serious injury without involving use of physical force and The Court, relying on decisions from various Circuits, reasoned that there are many ways in which physical injury even death can result without use of "violent force". (See): Chrzanoski v. Ashcroft, 327 F.3d 188, 194 (2nd Cir. 2003) Explained that an individual could be convicted of intentional assault in the third degree for injury caused not by physical force, but by guile, deception, or even deliberate omission. 327 F3d at 195. The Court elaborated that "human experience suggests numerous examples of intentionally causing physical injury without the use of force, such as a doctor who deliberately withholds vital medicine from a sick patient" or someone who causes physical impairment by placing a tranquilizer in the victim's drink.

The key to the categorical approach is the elements, not facts Id. Sentencing courts may look only to the statutory definitions that has affected substantive due process of Jose Cabrera

concernings of the elements usages of his prior offenses, and not to the particular facts underlying the convictions. Where the scope of the prior offense, based on the elements "does not correspond to the scope of the predicate offense definition," the inquiry is over.

Hobbs Act robbery by causing fear of future injury to property does not involve the use or threats of violent physical force required by Johnson also is supported by the statute's plain language. The phrases "fear of injury, future, and property are not defined in 1951(b)(1), so the Court gives them their ordinary meaning. (See) Leocal v. Ashcroft, stated: "When interpreting a statute, we must give words their ordinary or natural meaning because nothing in the ordinary meaning of these phrases suggests that placing a person in fear that his property will suffer future injury requires the use or threatened use of any physical force, much less violent physical force. Where the property in question is intangible it can be injured without the use of any physical context, the use of violent physical force would be an impossibility. Even tangible property can be injured without using violent force. (See) United States v. Bowen, No. 17-1011, _F3d_ 2019 WL 4146452, at 8 (10th Cir Sept 3, 2019) Court concluded this offense upon Bowen such as Jose Cabrera firearm offense nor Hobbs Act robbery did not meet Johnson or Davis Supreme Court ruling vague language standard and therefore was not a crime of violence under the elements clause of 924(c)(3)(A) because the offense could be committed without the use of violent physical force in the laundromat robbery and it should reason that, as with force

applied against or towards people, not all force applied against, but in that Hobbs Act robbery "inherent violence," and that the Hobbs Act requires that the property be in the plain language of 1951(b)(1) is inconsistent with these interpretations. The Court declines to read elements into 1951(b)(1) that simply are not there nor not there on Jose Cabrera as changes in law applie to him in this case.

## Certificate of Service

I Jose Cabrera petitioner certify pursuant Title 28 USC 1746(1) penalty of perjury filed legal: [1] Motion 28 USC 2255

Mailed To: Clerk of Court

deposited legal to USP McCreary on May 9, 2024.

Respectfully!

*Jose Cabrera*

Jose Cabrera
Reg# 57558-509
USP-McCreary
P.O. Box 3000
Pine Knot, KY 42635

Name: Jose Cabrera
Reg. No. 57158-509 Unit 5A
United States Penitentiary McCreary
P.O. Box 3000
Pine Knot, KY 42635

RECEIVED
JUL 16 2024
CLERK'S OFFICE
S.D.N.Y.

2024 JUL 22 PM 2:02

Clerk of Court
United States District Court
Southern District of New York
U.S. Court House
New York, New York 10007

Legal Mail


