UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                  :
UNITED STATES OF AMERICA,                                         :
                                                                  :
              -v-                                                 :            21 Cr. 565 (JPC)
                                                                  :            24 Civ. 5594 (JPC)
JOSE CABRERA,                                                     :
                                                                  :            OPINION AND ORDER
                          Defendant.                              :
                                                                  :
-------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

On April 28, 2022, Defendant Jose Cabrera pleaded guilty to committing a Hobbs Act

robbery, in violation of 18 U.S.C. § 1951, and possession of a firearm in furtherance of that crime

of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i). Dkt. 29.[1] ("Plea Tr."). Cabrera's

conviction arose from his participation in a violent gunpoint robbery of a laundromat in the Bronx

on March 12, 2021. Dkt. 38 (Presentence Investigation Report) ¶¶ 12-17. Pursuant to his plea

agreement with the Government, Cabrera agreed not to bring a collateral challenge to his

conviction if he was sentenced to a term of imprisonment of 131 months or less, Dkt. 85-1 ("Plea

Agreement") at 6, an agreement he affirmed at his guilty plea hearing, Plea Tr. at 21:1-10. Cabrera

was ultimately sentenced to sixty months' imprisonment for each offense, to be served

consecutively, resulting in a total term of imprisonment of 120 months, to be followed by a three-

year term of supervised release. Dkt. 48 ("Sentencing Tr.") at 29:5-11; Dkt. 45 ("Judgment") at

2-3.

---

[1] Except where otherwise indicated, all docket citations refer to the docket in the underlying
criminal matter, *United States v. Cabrera*, No. 21 Cr. 565 (JPC) (S.D.N.Y.).

On July 16, 2024, Cabrera filed a motion to vacate or set aside his sentence pursuant to 28

U.S.C. § 2255, arguing that Hobbs Act robbery is not a crime of violence and thus cannot serve as

a predicate offense for conviction under Section 924(c) conviction.  Dkt. 69 at 3-8; *Cabrera v.*

*United States*, No. 24 Civ. 5594 (JPC) (S.D.N.Y), Dkt. 1 at 3-8; *see also* Dkt. 67 (supplemental

submission).  Cabrera's Section 2255 motion is barred by his plea agreement, given the Court's

imposition of a sentence that did not exceed 131 months in prison.  *See* Sentencing Tr. at 29:5-11;

Judgment at 2.  In his plea agreement, Cabrera agreed that he "will not file a direct appeal; nor

bring a collateral challenge, including but not limited to an application under Title 28, United

States Code, Section 2255/2241, of any sentence within or below the Stipulated Guidelines Range

of 117 to 131 months' imprisonment."  Plea Agreement at 6.  At Cabrera's guilty plea allocution,

the Court specifically confirmed Cabrera's understanding of this provision:

> THE COURT:        In your plea agreement, you waived your right to appeal or
> otherwise challenge any sentence that entails a term of
> imprisonment that is 131 months or less, and that includes
> bringing a collateral challenge, such as a habeas petition, to
> challenge your sentence.  So, in other words, if I sentence
> you to 131 months in prison or anything less than that, you
> would not be able to appeal or otherwise try to challenge the
> sentence.  Do you understand that?
>
> THE DEFENDANT:  Yes, sir.

Plea Tr. at 22:1-10; *see also id.* at 28:11-19 (finding that Cabrera knowingly and voluntarily

pleaded guilty).  Such a "waiver of the right to collaterally attack a conviction" is presumptively

valid and will be enforced except in "five circumstances," none of which Cabrera argues applies

here.  *Cook v. United States*, 84 F.4th 118, 122 (2d Cir. 2023) (explaining that courts should refuse

to enforce a waiver of collateral attack only "(1) where the waiver was not made knowingly,

voluntarily, and competently; (2) where the sentence was based on constitutionally impermissible

factors, such as ethnic, racial, or other prohibited biases; (3) where the government breached the

agreement containing the waiver; (4) where the district court failed to enunciate any rationale for the defendant's sentence; and (5) where the waiver was unsupported by consideration" (cleaned up)).[2]

Even if not barred by his plea agreement, Cabrera's Section 2255 motion still would fail. Although the Supreme Court held in *United States v. Taylor* that "*attempted* Hobbs Act robbery does not qualify as a crime of violence," 596 U.S. 845, 852 (2022) (emphasis added), the Second Circuit reaffirmed in *United States v. McCoy* the "settled understanding that *completed* Hobbs Act robberies are categorically crimes of violence," 58 F.4th 72, 74 (2d Cir. 2023) (emphasis added). Cabrera pled guilty to a substantive Hobbs Act robbery count, and allocuted to his commission of a completed robbery of the Bronx laundromat on March 12, 2021:

> THE DEFENDANT: On March 12, 2021, I participated in a robbery of a laundromat located in the Bronx, New York. During the course of that robbery, and in the furtherance of the robbery, I possessed a firearm. At the time I engaged in this conduct, I knew it to be unlawful, sir.
>
> THE COURT: During this robbery, did you obtain any property from the laundromat?
>
> THE DEFENDANT: Yes, I did. I obtained $1,500, sir.
>
> THE COURT: Did the victim of the robbery voluntarily hand over the $1,500, or was that a result of actual or threatened force?
>
> THE DEFENDANT: That was the result of actual threatened force, sir.

Plea Tr. at 24:22-25:9.

---

[2] Cabrera's collateral attack waiver is enforceable regardless of whether "any subsequent legal developments" suggest that Hobbs Act robbery cannot serve as a predicate offense for a conviction under Section 924(c). *Cook*, 84 F.4th at 124 ("The enforceability of a collateral-attack waiver turns on whether the petitioner's plea was knowing and voluntary, not the nature of any subsequent legal developments."). "[T]he possibility of a favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements." *United States v. Morgan*, 406 F.3d 135, 137 (2d Cir. 2005).

For the foregoing reasons, Cabrera's Section 2255 motion is denied.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Opinion and Order would not be taken in good faith, so *in forma pauperis* status is denied.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).  In *United States v. Cabrera*, No. 21 Cr. 565 (JPC) (S.D.N.Y.), the Clerk of Court is respectfully directed to close Docket Number 69, to mail a copy of this Opinion and Order to Cabrera, and to note that mailing on the docket.  In *Cabrera v. United States*, No. 24 Civ. 5594 (JPC) (S.D.N.Y), the Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated: December 5, 2025
New York, New York

_____
JOHN P. CRONAN
United States District Judge

4